FILED
2017 Nov-13 AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **BLAKE HARLOW &** ) | |
| **RACHEL MINK HARLOW,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No: CV-2017-_____** |
| ) | |
| **DITECH FINANCIAL, LLC** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## **COMPLAINT**

COME NOW, Plaintiffs, Blake Harlow and Rachel Mink Harlow (Hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned counsel, and allege as follows:

### **I. Parties and Jurisdiction**

1. The Plaintiffs are over the age of nineteen (19) years and are residents of Tuscaloosa County, Alabama. The Plaintiffs reside at the underlying property located at 5116 Windsor Ln, Northport, Alabama 35473-1096, in Tuscaloosa County, Alabama (hereinafter referred to as "home" or "property").

2. Ditech Financial, LLC (hereinafter "Ditech"), is a limited liability corporation with its principal place of business believed to be in Pennsylvania, was at all times relevant herein conducting business in Tuscaloosa County, Alabama and

claimed to be the mortgagee/transferee of the home when they sold the Plaintiffs' home by auction on or about October 17, 2017.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S. C. §§ 1332 because the parties are diverse and the amount in controversy is in excess of the jurisdictional requirements of this Court.

4. Venue is proper in this Court because the property is situated in this jurisdiction, Plaintiffs reside in this jurisdiction, and Defendant conducts business in this jurisdiction.

**II. Facts**

5. On or about February 27, 2008, Mr. Harlow executed a note and mortgage in favor of Mortgage Electronic Registration Systems, Inc., as a nominee for Countrywide Bank, FSB. Thereafter this mortgage was sold, assigned and transferred to Ditech and was identified as loan number xxxxxx4311 (hereinafter referred to as the "mortgage").

6. The note and/or mortgage required certain notices be provided to Plaintiffs, including, without limitation, notice of acceleration of the note and notice of foreclosure. Plaintiffs were never provided the notices required by the note and/or mortgage prior to Ditech acceleration and/or foreclosing and selling their home.

7. In late March 2017 and/or early April 2017, Plaintiff, Blake Harlow, contacted and had several communications with Ditech. He advised them that he

was no longer employed and was unable to make his payments. Ditech's representative advised Blake Harlow that Ditech would treat his unemployment as a hardship and that the missed payments would be placed on at the end of the note period.  Relying on those representations, Plaintiffs did not seek or make other payment arrangements.  Plaintiffs began making payments again, sending payments beginning with the August payment.  Ditech returned the payments on October 3, 2017.  At no time during the related communications did Ditech tell Plaintiffs that their home was scheduled or published for sale by auction on October 17, 2017. Plaintiffs' home was sold and purchased by Ditech on or about October 17, 2017.

    8. As a result of Defendant's actions and conduct, Plaintiffs have suffered the sale of their home, the publication of their home being foreclosed and twice scheduled for auction from the steps of the Tuscaloosa County Court House. Plaintiffs have suffered anxiety and fear over their family losing their home and facing homelessness.  They have endured embarrassment and humiliation.  Both have suffered from the inability to sleep, nausea and lack of appetite, and stress related headaches. Plaintiffs have further suffered monetary damages in an effort to save their home.

## COUNT I
## NEGLIGENT, RECKLESS AND/OR WANTON CONDUCT OF VOLUNTEER

9. Plaintiffs adopt and incorporate herein Paragraphs 1 through 8 of this Complaint as if fully set forth herein.

10. Ditech undertook, volunteered, to provide assistance to Plaintiffs when Plaintiffs were faced with a temporary and unexpected financial hardship.  In so undertaking, Ditech was under a duty to act with reasonable care related to assisting Plaintiffs with dealing with their home mortgage payments. Ditech breached that duty by their actions and/or conduct more thoroughly discussed above.

11. Ditech negligently, recklessly and/or wantonly engaged in acts and practices with respect to Plaintiffs that misled, failed to disclose, failed to effectuate the hardship, or otherwise failed to use reasonable care when it acted to assist Plaintiffs with their financial circumstance as it related to Ditech's mortgage.

12. As a proximate consequence of Defendant's conduct described herein, Plaintiffs suffered foreclosure proceedings, the loss of home ownership, loss of equity in their home, embarrassment, humiliation, fear, physical suffering and physical sickness (including, without limitation, anxiety, panic, loss of sleep, extreme irritability, loss of appetite, loss of energy, nausea and headaches), mental anguish and monetary loss in an effort to retain their home and defend their rights to the property.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against DITECH for compensatory and punitive damages in an amount to be determined by the judge or jury hearing this matter and based on the facts and law as this Court shall allow, plus the costs herein.

## COUNT II
## WRONGFUL FORECLOSURE

13. Plaintiffs adopt and incorporate by reference Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Ditech purchased the Plaintiff's home at the foreclosure sale on or about October 17, 2017 for well under market value. Shortly thereafter, Ditech, by an through their agent, Williams and Williams, undertook to flip the Plaintiffs' home and advertised the home for auction as a "HUD Second Chance home auction" being sold by Ditech below the appraised value. The auction is to occur on November 13, 2017, less than a month after the original foreclosure sale. The home was not in the HUD Second Chance listings at the time of the re-auction listing.

15. Plaintiffs aver Defendant's actions described herein were taken for the wrongful purpose, to profit from Plaintiffs' hardship by obtaining the property through foreclosure and flipping it for profit. Defendant's actions described herein perverted the purpose of the power of sale allowed by the mortgage and oppressed the debtor

16. As a proximate result of Ditech's wrongful conduct described herein, Plaintiffs suffered the damages set out in Paragraph 8 of this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against DITECH for compensatory and punitive damages in an amount to be determined by the judge or jury hearing this matter and based on the facts and law as this Court shall allow, plus the costs herein.

## COUNT III
## NEGLIGENT, RECKLESS AND/OR WANTON TRAINING AND/OR SUPERVISION

17. Plaintiffs adopt and incorporate by reference Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Ditech failed to train and/or supervise its employees, agents, and/or representatives in the various departments (including, without limitations, collections department, escrow department, customer service, foreclosure department, loss mitigation and/or such other departments which had employees that communicated and/or failed to communicate with Plaintiffs) to avoid the conduct and actions and to properly train and/or supervise its employees to prevent the circumstances and scenarios set out in the facts and counts above and hereafter contained in this answer and Complaint.

19. As a proximate result of the negligent, reckless and/or wanton training and/or supervision, Plaintiffs have suffered the damages set out in Paragraph 8 of this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Ditech for compensatory and punitive damages in an amount to be determined by the judge or jury hearing this matter and based on the facts and law as this Court shall allow, plus the costs herein.

## **COUNT IV BREACH OF CONTRACT**

20. Plaintiffs adopt and incorporate by reference Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. The mortgage/note signed by the Plaintiffs in 2008 was a valid contract.

22. Ditech breached this contract by failing to provide the proper and required notices to Plaintiffs as set out in the contract.

23. As a proximate result of Ditech's breach of contract, Plaintiffs suffered the damages set out in Paragraph 8 of this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Ditech for compensatory and punitive damages in an amount to be determined by the judge or jury hearing this matter and based on the facts and law as this Court shall allow, plus the costs herein.

                    Respectfully submitted,

                    /s/ Charles J. Lorant
                    Charles J. Lorant
                    (asb-6465-o76c)
                    Attorney for Plaintiff

**OF COUNSEL:**
**LORANT LAW GROUP**
P.O. Box 660465
Birmingham, Alabama 35266
(P) 205-208-0520
(F) 205-208-0521
CLorant@LorantLawGroup.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

                    /s/ Charles J. Lorant
                    OF COUNSEL

**Please Serve Defendant via Certified Mail:**

Ditech Financial, LLC
Registered Agent:
C.T. Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

                    /s/ Charles J. Lorant
                    OF COUNSEL